TAYLOR, Judge.
Petitioner Earnest Harold Jones was convicted of possession of a controlled substance under § 20-2-70, Code of Alabama 1975, and was sentenced to 15 years’ imprisonment in the penitentiary. The substance alleged by the August 8, 1984, indictment to have been possessed was “hy-drocodone”. By his petition for writ of habeas corpus, Jones contends that “hydro-codone” is not a controlled substance under the list of items in § 20-2-70. Therefore, he argues, the indictment is void for failure to charge a crime. A brief examination of that schedule shows that hydrocodone is not on the list. However, another portion of the Alabama Uniform Controlled Substances Act, § 20-2-20, provides as follows:
“(a) The state board of health, unless otherwise specified, shall administer this chapter and may add substances to or delete or reschedule all substances enumerated in the schedules in sections 20-2-23, 20-2-25, 20-2-27, 20-2-29, or 20-2-31 pursuant to the procedures of the state board of health. In making a determination regarding a substance, the state board of health shall consider the following:
“(1) The actual or relative potential for abuse;
“(2) The scientific evidence of its pharmacological effect, if known;
“(3) The state of current scientific knowledge regarding the substance;
“(4) The history and current pattern of abuse;
“(5) The scope, duration and significance of abuse;
“(6) The risk to the public health;
“(7) The potential of the substance to produce psychic or physiological dependence liability; and
“(8) Whether the substance is an immediate precursor of a substance already controlled under this chapter.
“(b) After considering the factors enumerated in subsection (a) of this section, the state board of health shall make findings with respect thereto and issue a rule controlling the substance if it finds the substance has a potential for abuse.”
This provision of law, delegating the authority to the State Board of Health to add substances to, or delete substances from, *123 the controlled substances list, was held to be constitutional in Ex parte McCurley, 390 So.2d 25 (Ala.1980). The legislature wisely enacted the provision to enable the state to respond more quickly to the dangers presented by the so-called “designer drugs.” The state in response to the petition for writ of habeas corpus filed a motion to dismiss and attached thereto a certificate from the Department of Public Health. The certificate states that the substances listed therein were controlled substances as of November 18, 1985.
The indictment reads as follows:
“The Grand Jury of said County charge that before the finding of this Indictment, Earnest Harold Jones, Jr., alias Earnest Jones, whose name is otherwise unknown to the Grand Jury, did unlawfully possess Hydrocodone, a controlled substance contrary to and in violation of the provisions of the Alabama Uniform Controlled Substances Act, in violation of Title 20-2-70 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
If hydrocodone was a controlled substance as of the date of the offense, then the indictment charges a violation of Alabama law. If, on the other hand, hydroco-done was not a controlled substance as of the date of the offense, then the indictment fails to charge an offense and is void.
The issue facing the trial court in this habeas corpus proceeding was simply: Was hydrocodone a controlled substance as of the date of the offense? The certified copy of the list of controlled substances filed by the state with the motion to dismiss says that hydrocodone was a controlled substance on November 18, 1985, a year, three months, and ten days after the indictment. That evidence, however, neither proves nor disproves what the law was as to the status of hydrocodone as of the time the offense was committed. A factual hearing is required on this petition to determine when the Alabama Board of Health added hydro-codone to the list of controlled substances set out in the Code. Hydrocodone is still not listed as a controlled substance in the Code.
The judgment is reversed and the cause remanded for a factual hearing and factual determination consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.